## I. N. SULLIVAN V. LEAVENWORTH, LAWRENCE & GALVESTON RAILROAD CO.

1. PRACTICE IN SUPREME COURT; *Case-Made, to be Considered, Must be Properly Authenticated.* Where the only paper attached to a petition in error is what is called a "case-made," and the only authentication of such case-made is the certificate of the clerk of the district court, which fails to show that the document is a copy of a case-made filed in his office, or that it is the original case-made signed by the judge, and where an examination of the paper shows that it is not, *in toto*, either a copy, or an original document, such paper cannot be considered as a properly-authenticated document for the consideration of this court.

2. AGREEMENT TO CONVEY; EQUITY; *Title-Bond; Condition; Performance.* A person who executes a title-bond, whereby he agrees to convey to another party the title to certain lands, on the receipt of a specified sum of money and the fulfillment of certain stipulated conditions, is bound by his contract; and when the obligee, within the time designated in the bond, pays to the obligor the stipulated purchase-price for the land, and complies with all the other conditions of the bond, the obligor cannot avoid performance on his part; and it is

no excuse or justification for non-performance on his part, that third parties have not performed their agreement to him, and especially so when such non-performance by said third parties is the result of his own laches. He cannot keep both the land, and the money paid him for it; and a decree vesting title to the land in the obligee, is right, and will not be disturbed.

### Error from Montgomery District Court.

ACTION by the *Railroad Company*, plaintiff, against *Sullivan* and wife, to compel the specific performance of a contract. *Sullivan* executed a title-bond, wherein he contracted on certain terms to convey by a good and sufficient deed forty acres of land in Montgomery county to J. M. W., in trust for the *Railroad Company*. The facts, and the alleged breach, are fully stated in the opinion, *infra*. The action in the district court was referred to B. M. A., who reported that the plaintiff was entitled to a specific performance of the contract of conveyance; and the district court, at the December Term 1873, confirmed the referee's report, and rendered a decree that *Sullivan* and wife execute, acknowledge and deliver to · the *Railroad Company* a good and sufficient deed, conveying to said company the title in fee to the land described in the title bond, within fifteen days, or that the decree stand and operate, in law and equity, as such conveyance. The *Sullivans* appeal, and bring the case here on error.

*Turner & Ralstin*, for plaintiffs in error.

*Solon O. Thacher*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: We are met at the outset of our inquiry in this case, by a motion to dismiss, on the ground that no copy of a case-made, and no properly authenticated transcript of the proceedings in the district court, is attached to the petition in error. We are inclined to the opinion that technically and strictly there is little in the record before us to command our attention. The latest expression of the legislative purpose in the matter of a " case-made" is found on page 274 of the

laws of 1871. That provides, that the "case-made" shall be filed with the papers, and a certified copy attached to the petition in error. There is no pretense that anything of this kind was done. Evidently, there was an attempt to prepare a case-made; but as evidently no such case was filed in the district court, and no certified copy prepared for this court. The document that comes up here contains original papers, depositions with their notices, envelopes, etc. Nor does it appear that the paper attached to the petition in error is the original case-made, complete and perfect. The certificate of the clerk does not state that "the foregoing is the case-made, settled and signed by the judge," but reads, "that the above and foregoing case-made contains a full and correct transcript of the files and proceedings," etc. But it is not the function of the clerk to certify what a case-made *contains*. It is for him to certify that it is the case-made; and then the document will show for itself what it contains. Now he nowhere certifies that the "foregoing" is the case-made. Because the case-made contained certain matters, *non constat* that it did not contain certain others. The certificate of the clerk might be strictly true, and yet half of the matters which were in the document signed by the judge be omitted from this so-called case-made. A waiver of all errors, signed by the plaintiffs in error, might have been in the document signed by the judge; and the certificate of the clerk to the document before us be strictly true, although no such waiver appears in it. In this very case-made appears what purports to be a stipulation signed by counsel, agreeing to the case-made, and the approval and allowance thereof by the judge. But on the face it is apparent that this stipulation and allowance are mere copies, and not originals. They are all, including the three signatures, in the same handwriting; and it is also established by the affidavits of plaintiffs in error, on the motion to dismiss, that they are mere copies. Again, the certificate of the clerk states that the said case "contains all the evidence introduced on the trial before the said referee by the said plaintiff and defendants, and which was reduced to writing

33—17 KAS.

and made part of the report of the said referee, *excepting* only the impeaching testimony as to the witness N. B. Blanton," etc. Now we search in vain the report of the referee, or the case-made, for anything to sustain this exception in the certificate. We think therefore that we cannot consider the paper attached to the petition in error as in strict sense a legally-authenticated case-made, within the purview of the statute.

We have nevertheless examined the record, to see if any substantial wrong appears therein. We have not stopped to examine any mere technical questions, nor do we affirm that there were no errors which, if the record was fully and properly before us, would not be sufficient to compel a reversal. We think these may be stated to be the facts in the case: On May 3d 1871, I. N. Sullivan, then in possession and occupancy of a quarter-section, which he was intending to enter and purchase, executed a bond, whereby he agreed to convey to one James M. Walker, the president of the L. L. & G. Railroad Co., as trustee for said road, forty acres of said quarter-section, provided said company furnished the entrance-money for said forty acres, and also located their road within a half-mile of Coffeyville, and completed it within a certain time; that when the time to enter said land came round, Sullivan, without seeking any assistance from the company, entered and paid for the entire quarter-section; that within a few days thereafter, Sullivan, on application, refused to deed the forty acres in accordance with his agreement; that within three weeks however of his entering the land, he agreed, in consideration of fifty dollars, the entrance-money, and five dollars interest thereon, and a bond from two individuals not connected with the road, but interested in the town-site of Coffeyville, and in having the road located and constructed through said town, to convey to him a lot to be by him selected in such town-site, to convey said forty acres to said company; that in pursuance of said agreement he and his wife executed a deed to said company of said forty acres, and deposited the same with a neighbor to be delivered to the

company on the completion of the road within a certain time to Coffeyville, and the payment of the fifty-five dollars; that the company completed the road within the time specified, and within three days after said agreement gave the fifty-five dollars to the holder of the deed, who within three days thereafter gave the same to Sullivan; that Sullivan never selected the lot in Coffeyville; that the holder of the deed, without the consent of the company, returned the same to Sullivan, who still retains both the deed and the money. Now we fail to see how any substantial wrong is done to Sullivan by a decree vesting title to the forty acres in the company. The company has done what it agreed to do. It completed the road to Coffeyville within the stipulated time, and it paid to Sullivan the fifty-five dollars, which Sullivan both received and retains. The obligation of the individuals to convey him a lot may never have been performed; but until he makes a selection, he has no ground to complain because of their non-fulfillment of their agreement. It would be monstrous if he could make his own laches an excuse for withholding the deed for which he has received all that the company agreed to give him. Can a man keep both the land, and the money paid him for it?

We have examined none of the mere technical questions in the record presented by Sullivan, for technically we think he has no standing in this court; and equitably we think he ought to have no standing anywhere.

The judgment will be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.